UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Brian Fischler, Individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> - vs. – <br><br> Welz, LLC d/b/a Welz, <br><br> Defendant. | DOCKET NO. 22-cv-2011 <br> (LGS) (SN) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................................... 1

STATEMENT OF FACTS .................................................................................................................... 1

LEGAL ARGUMENT ........................................................................................................................... 1

    I.      The complaint should be dismissed because Welz LLC's website is not a place of public accommodation under the ADA ........................................................................... 1

    II.    Plaintiff's state and city claims must be dismissed for the same reasons as his ADA claims must be. ........................................................................................................10

CONCLUSION ....................................................................................................................................11

TABLE OF AUTHORITIES

Cases                                                                                                                          Pages

*Cooper v. New York State Dep't of Lab.*, 819 F.3d 678 (2nd Cir. 2016) ......................... 9-10

*CTS Corp. v. Waldburger*, 573 U.S. 1, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014) ............................... 9

*Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3rd Cir. 1998), ................................................................ 6

*Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir.)
    *vacated as moot*, 21 F.4th 775 (11th Cir. 2021). ....................................................................... 7-8

*Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017) ................... 9

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2nd Cir. 2006) ....................................... 10-11

*Krist v. Kolombos Rest. Inc.,* 688 F.3d 89 (2d Cir. 2012) ................................................................ 2

*Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530 (5th Cir. 2016) ................................. 6-7

*Martinez v. MyLife.com, Inc.*, 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) ........................................ 6

*Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2nd Cir. 1999),
    *opinion amended on denial of reh'g*, 204 F.3d 392 (2nd Cir. 2000) .................................. 4-5

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2nd Cir. 2000) ....................................... 10

*Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) ................................................. 7

*Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ....................... 10

*Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019) ................................................. 7

*Romero v. 88 Acres Foods, Inc.*, 2022 WL 158686 (S.D.N.Y. Jan. 18, 2022) ................................ 8-9

*Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021) ....................................... 5-6

*United States v. Tohono O'Odham Nation*,
    563 U.S. 307, 131 S. Ct. 1723, 179 L.Ed.2d 723 (2011). ................................................. 5

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000) ................................. 7

*Winegard v. Newsday LLC*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021) ....................... 3-5

Statues and Rules

42 U.S.C. § 12181(7) ...................................................................................................... 2-3, 7

28 U.S.C. § 1367(c) ..................................................................................................................10

28 CFR Appendix C to Part 36 ............................................................................................... 3

Fed. R. Civ. P. 12 ...................................................................................................................... 11

## PRELIMINARY STATEMENT

Plaintiff Brian Fischler asserts that the website of defendant Welz LLC, www.welz.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"), and seeks injunctive relief under that statute.

Because Welz LLC operates a website but does not have a public-facing physical location, it is not a place of public accommodation under the Americans with Disabilities Act, and therefore the complaint fails to state a claim for relief.

## STATEMENT OF FACTS

Defendant Welz LLC is limited liability company registered to do business in New York that operates a website through which individuals can make medical appointments, including for Covid testing. Plaintiff alleges that he is a resident of Queens who is a visually impaired and legally blind individual with a qualifying disability under the Americans with Disabilities Act. He alleges that he uses specialized screen reading software such as Job Access With Speech ("JAWS") to enable him to access information on the Internet.

Fischler claims that in February 2022 (as well as other unspecified times), he visited the website located at www.welz.com to book a covid testing appointment. However, when he did so, he allegedly encountered a series of virtual barriers that purportedly prevented him from being able to book this appointment..

## LEGAL ARGUMENT

**I.     The complaint should be dismissed because Welz LLC's website is not a place of public accommodation under the ADA.**

The Americans with Disabilities Act is undeniably a broad statute, but it nevertheless has its limits; Title III — the relevant portion of the statute — applies only to "public

accommodations." Because Welz LLC does not operate a place of public accommodations — it operates, as plaintiff forthrightly pleads, only a commercial website — plaintiff has failed to state a claim with respect to Welz LLC. Plainly speaking, www.welz.com is not a place of public accommodation.

To state a claim under Title III, the plaintiff must establish "(1) that he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against the plaintiff within the meaning of the ADA." *Krist v. Kolombos Rest. Inc.,* 688 F.3d 89, 95 (2d Cir. 2012) Plaintiff has alleged the first and third elements, but fails to sufficiently allege the second, that Welz LLC is a "place of public accommodation" – an indispensable element of his cause of action - in order to plead a Title III discrimination claim.

The only allegation in the complaint that defendant's business is such a place are the conclusory assertion in Paragraph 45 that defendant's website "is a commercial marketplace and a public accommodation under Title III of the ADA, 42 U.S.C. § 12181(7)." But that merely parrots the statutory language, without pleading any facts to explain *how* defendant's website fits within that statutory section, which provides a detailed list of the types of entities that are considered "public accommodations" for purposes of Title III:

> (A) an inn, hotel, motel, or other place of lodging . . .
> (B) a restaurant, bar, or other establishment serving food or drink;
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

    (G) a terminal, depot, or other station used for specified public transportation;
    (H) a museum, library, gallery, or other place of public display or collection;
    (I) a park, zoo, amusement park, or other place of recreation;
    (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
    (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
    (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7). The regulations promulgated by the Department of Justice echo that list, and then emphasize that this list is not merely a list of exemplars, but a *complete* list: "In order to be a place of public accommodation, a facility . . . **must** fall within one of these 12 categories." 28 CFR Appendix C to Part 36 (Emphasis added.) This list explicitly includes only physical places, open to the public; websites, unconnected to any physical place of business, are conspicuous only by their absence. Since, as noted above, defendant does not have a public-facing physical place of business, and does not fit within any of the listed categories, it is not included in the above statutory definition and is exempt from Title III coverage. (Plaintiff's complaint repeatedly uses the phrase "commercial marketplace," but not only is that not one of the categories, but that phrase does not even accurately describe defendant's website; as plaintiff himself pleads, the website is place where "Customers can book in-person appointments for Defendant's concierge medical services, including its COVID-19 testing in Manhattan and the Bronx.")

    To be sure, the Second Circuit has never spoken to the issue raised here — whether a website with no nexus to any public-facing physical location is a place of public accommodation — and there is a split of authority, both nationwide and within the district courts in this circuit, as to that issue. But defendant submits that Judge Komitee's careful decision in *Winegard v. Newsday LLC*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021) is most

3

compelling. After first noting that the phrase "place of public accommodation" has been used for decades to refer to physical places rather than all types of businesses, Judge Komitee examined — as have the Circuit Courts ruling against plaintiff's interpretation of the law — the specific language of the ADA. He pointed out that the statute was very specific, listing 50 specific examples of the types of businesses covered, and that at least forty nine of them "indisputably relate to physical places." *Id*. at *3. (The fiftieth, which some courts said referred to a non-physical place, was a "travel service," but as Judge Komitee noted, there is no reason to assume that this does not refer to a physical travel agency also. *Id*. at n.1) Judge Komitee also noted that Congress made specific word choices going out of its way to indicate that it was considering only physical locations — for example, "the office of an accountant or lawyer" rather than "accounting firm or law firm," and "office of a health care provider" rather than "health care practice." He further noted that the statute expressly uses the phrase "place of" public accommodation, rather than just "public accommodation," and the term "place" is generally understood to mean a physical place.

Judge Komitee then examined *Pallozzi v. Allstate Life Insurance Co*., 198 F.3d 28 (2nd Cir. 1999), *opinion amended on denial of reh'g*, 204 F.3d 392 (2nd Cir. 2000), the Second Circuit's decision upon which so much of this Circuit's caselaw in this area of the law rests. *Pallozzi* did not have anything to do with websites, but it held that since Title III expressly applies to "insurance offices," 42 U.S.C. § 12181(7)(F), it also applies to the insurance policies issued by those insurance offices. And since an insurance policy is not a physical location — the argument by plaintiffs in this space goes — *Pallozzi* must be understood as holding that the ADA reached businesses beyond physical locations. But Judge Komitee noted that *Pallozzi* did *not* hold that the ADA applied to non-physical places. Instead, it held that given

4

that the case involved a physical place of public accommodation indisputably covered by the ADA (an insurance office), the ADA covered discrimination in the provision of goods and services *of* that place of public accommodation. *Id.* at *6-7. In other words, under the analysis of *Pallozzi*, the existence of a physical place of public accommodation is a "condition precedent" to application of Title III to the goods and services sold by that place. *Newsday*, 2021 WL 3617522, at *7.

In addition, Judge Komitee considered and rejected two other related arguments sometimes relied on by courts in this area: that Congress could not have anticipated the Internet (and therefore its failure to include non-physical businesses in its coverage should not be interpreted as an intent to exclude them), and that the Internet's importance in the economy means that excluding websites from coverage would defeat the purpose of the statute. With respect to the first, Judge Komitee pointed out that non-physical businesses (for example mail-order catalogs, and television), were certainly known to Congress, and yet Congress chose not to include them; he further pointed out that Congress amended the ADA much more recently — in 2008, when the Internet was already a mature medium — and did not take any steps to clarify that non-physical businesses were included in its scope. With respect to the second point, he recognized that "considerations of policy divorced from the statute's text and purpose could not override its meaning." *Id.* at *8 (*quoting United States v. Tohono O'Odham Nation*, 563 U.S. 307, 131 S. Ct. 1723, 1731, 179 L.Ed.2d 723 (2011).)

*Winegard*'s holding that Title III cannot be interpreted to apply to stand-alone websites is not an outlier; other courts in this Circuit have held the same. *See Suris v. Gannett Co.*, 2021 WL 2953218, at *2 (E.D.N.Y. July 14, 2021) (dismissing an ADA lawsuit against a newspaper's purportedly inaccessible website because "even liberally construed" the court

could not find that a standalone website falls within any of the twelve statutory categories of places of public accommodation); *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745, at *3 (E.D.N.Y. Nov. 1, 2021)(website that does not serve as an adjunct to a brick-and-mortar business and has no public-facing, physical retail operations is not a place of public accommodation).

Moreover, while there is a circuit split on the issue, at least five Circuit Courts have also expressly held that Title III of the ADA only applies to physical businesses. In *Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3rd Cir. 1998), the plaintiff sued the insurance company that provided insurance benefits to her through her employer. But because she received her benefits through her employer, she had no "nexus" to the insurance company's office, and because "the plain meaning of Title III is that a public accommodation is a place," the ADA did not protect her from "discrimination unrelated to places." *Id*. at 612-613. Importantly, the Third Circuit found no ambiguity in the ADA's definition of public accommodation; *Id.* at 614.

The Fifth Circuit's decision in *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530 (5th Cir. 2016) approaches the issue from another way and comes to the same conclusion. In that case, the plaintiff sued Coca-Cola for operating an allegedly inaccessible vending machine. But the court upheld the dismissal of the Title III ADA case against Coca-Cola, holding the statute to be "unambiguous" as applying only to physical places of business. *Id.* at 534-5. And the mere fact that Coca-Cola did business with the public — just as Welz does — did not mean that it fit within any of the statutory definitions of a "place of public

accommodation," such as a "sales establishment."[1] The Fifth Circuit also examined the legislative history and regulatory guidance and noted that every example given by House committee reports and the DOJ of the liberal construction of the ADA referred to <u>physical</u> places.

Like the Third Circuit, the Sixth Circuit rejected a similar claim against an insurance company that provided employee benefits, finding that "the clear connotation of the words in § 12181(7) is that a public accommodation is a physical place. Every term listed in § 12181(7) and subsection (F) is a physical place open to public access." *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997) (characterizing an interpretation of the statute as permitting a place of accommodation to constitute something other than a physical place as "ignor[ing] the text of the statute").

The Ninth Circuit has held the same. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)(all items listed in the statute are actual, physical places, and applying *noscitur a sociis* to find that the statute only covered such places). Later, the Ninth Circuit clarified *Weyer*, holding that a website could be covered by the ADA, but **only** because the website facilitated access to the goods and services of an actual physical place of public accommodation. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (reiterating that Title III only applied to physical locations or websites with a nexus to physical locations.) And the Eleventh Circuit found Title III's statutory definition "unambiguous and clear" as only applying to "tangible, physical places. No intangible places or spaces, such as websites,

---

[1] The Fifth Circuit noted that the business where such a vending machine was located might well be a place of public accommodation, and therefore the ADA might impose requirements on those businesses to have accessible vending machines. But the Coca-Cola company, which was the only defendant in the case, was not operating such a physical place merely by dint of selling to the public.

are listed." *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1276–77 (11th Cir.), *vacated as moot*, 21 F.4th 775 (11th Cir. 2021). Indeed, the *Winn-Dixie* decision went even further than the other circuits, rejecting the "nexus" test between websites and physical locations as lacking any "basis for it in the statute or in our precedent." *Id*. at 1281.

Plaintiff will undoubtedly note that some courts in this district have expressly held that websites are places of public accommodation, and a small handful have found in favor of plaintiffs with respect to the precise issue here: whether a website with no nexus to any public-facing physical location fits within the statutory requirement. As an initial matter, we would note that all but one of those rulings predates Judge Komitee's *Newsday* decision.[2] The only case that considers and rejects *Newsday* is *Romero v. 88 Acres Foods, Inc.*, 2022 WL 158686 (S.D.N.Y. Jan. 18, 2022). The *88 Acres Foods* case did — unlike many of the prior cases to consider the issue — examine the text of the applicable statute, and (in contrast to *Newsday* as well as the Third, Fifth, Sixth, Ninth, and Eleventh Circuits) found it ambiguous. But it did so almost solely based on the fact that "travel service" could in theory be a non-physical place. But (as Judge Komitee noted in *Newsday*) there is no reason to read that term in such a fashion, particularly given that it is surrounded by words that are *indisputably* physical places. ("a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment") (Note that at one point the *88 Acres Foods* decision accidentally uses the

---

[2] One other case that some plaintiffs have cited in the past, an oral decision in *Paguada v. Athena Allergy, Inc.*, 21-cv-1245 (S.D.N.Y. February 22, 2022), was issued after *Newsday*, but defendant's motion predated *Newsday*, and so the parties never raised, and the court never addressed, that case; it is not so much as mentioned even once in the *Athena Allergy* ruling.

8

phrase "travel service**s**," which sounds more like an intangible commercial offering. But the actual statutory phrase is "a… travel service," which would most reasonably be read as a single physical business — especially in 1990, when the statute was enacted.)

After finding that ambiguity, the *88 Acres Foods* case relied on a policy argument: that it would be "absurd" to distinguish between shopping at Whole Foods in-store and Whole Foods online. But even if that conclusion is valid, it is not even the relevant question, since Whole Foods' website *does* have a nexus to a brick-and-mortar location. The interpretation of the ADA being urged by defendant herein, as well as the *Newsday* court and five Circuit Courts of Appeal, is about distinguishing between Whole Foods in-store/online on the one hand and, for example, eBay.com on the other. (Or, in this case, PrintGlobe.com) The *88 Acres Food* court also relied on isolated snippets of legislative history not part of the statute, expressing a view of the importance of eliminating discrimination. But as the Supreme Court has repeatedly cautioned, "no legislation pursues its purposes at all costs." *CTS Corp. v. Waldburger*, 573 U.S. 1, 134 S.Ct. 2175, 2185, 189 L.Ed.2d 62 (2014)(reminding that it is error to use the proposition that remedial statutes should be interpreted liberally as a substitute for a conclusion grounded in the statute's text and structure." *See also Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725, 198 L. Ed. 2d 177 (2017)(calling it "mistaken" for a court to "assume" that "'whatever' might appear to 'further[ ] the statute's primary objective must be the law.'") Applying that principle, the Second Circuit has instructed that, even in the context of anti-discrimination law, "We may not, in the name of advancing general aims, ignore Congress's choice to carefully circumscribe the universe of 'unlawful employment practices.'" *Cooper v. New York State Dep't of Lab.*, 819 F.3d 678, 682 (2nd Cir. 2016).

Congress knows how to write broad language when it chooses, and it seems odd to suggest that Congress would have carefully delineated twelve categories of business to which the ADA applies, when it could have used a catchall phrase such as "all businesses engaged in interstate commerce" if it actually wanted to ensure that the statute's coverage was universal. Defendant respectfully suggests that this Court should heed the Second Circuit's admonition in *Cooper*, find the text of the statute unambiguous, and should not resort to policy arguments to expand the scope of the ADA without express legislative authorization.

As Welz has no public-facing physical location — just a website located at www.welz.com — it is not within the statutory definition of a place of public accommodation. Indeed, Welz matches exactly one of the issues raised by the Newsday decision: it provides health care, but there is no applicable "office of a health care provider" as identified by the statute. It is just a website where one can schedule doctors to come to customers' homes or businesses. As such, plaintiff has failed to state a claim against it under the Americans with Disabilities Act.

### II. Plaintiff's state and city claims must be dismissed for the same reasons as his ADA claims must be.

In general, disability discrimination claims under the parallel state and city disability discrimination laws are evaluated under the same standards as the ADA. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2nd Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019)(failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail.) Alternatively, having dismissed plaintiff's only federal claim in this case, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v.*

*New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

## **CONCLUSION**

For the reasons set forth above, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

                                                     Respectfully submitted,

                             By:       */s/ David Stein*

                                        David Stein

Dated: June 14, 2022